[Crim. No. 1285.   Third Appellate District.—October 10, 1933.]

In the Matter of the Application of FRANCIS WOOFTER for a Writ of Habeas Corpus.

Francis Woofter, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On the eighth day of October, 1929, an information was filed in the Superior Court of the County of Butte, charging the prisoner with the crime of escape, in that the petitioner, on or about the twenty-seventh day of March, 1929, in the county of Butte, who had theretofore been committed to the state prison at San Quentin, for a term less than life, did escape while engaged in road work at Camp 17, in Butte County, in violation of section 106 of the Penal Code. After trial the petitioner was on the sixteenth day of October, 1929, found guilty and sentenced to the state prison at Folsom.

Upon this application the petitioner contends that at the time of his trial, and on the date of pronouncing judgment and sentence, there was no section of the Penal Code providing for the punishment of such an offender in the state prison. This contention is based, first, upon the act of the legislature approved June 19, 1929, purporting to repeal sections 18, 18a and 1588 of the Penal Code.

The further contention is made that the offense of which the petitioner is found guilty, and for which he was sentenced, is only a misdemeanor, in that no penalty was provided by the codes for the offense of which the petitioner is found guilty. Section 177, *supra*, reads as follows: "When an act or omission is declared by statute to be a public offense, and no penalty for the offense is prescribed in any statute, the act or omission is punishable as a misdemeanor." Prior to August 14, 1929, the time of taking effect of the act of the legislature just referred to, section 18 of the Penal Code was worded as follows: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment in any of the state prisons, not exceeding five years." Section 18a of the same code read as follows: "Except in cases where a different minimum punishment is prescribed by any law of this state, for any

offense declared to be a felony and punishable by imprisonment in the state prison, the minimum punishment shall be imprisonment in any of the state prisons for not less than six months." Section 106 of the Penal Code, at the time of the commission of the offense charged against the petitioner, read as follows: "Every prisoner committed to a state prison for a term less than for life, who escapes or attempts to escape while being conveyed to or from or while confined within such prison or while at work outside such prison under the surveillance of prison guards is guilty of a felony and on conviction thereof the term of imprisonment therefor shall commence from the time such convict would otherwise have been discharged from said prison."

The act of the legislature approved June 19, 1929, and becoming effective August 14, 1929, contained the following: "Section 2. Sections 18, 18a and 1588 of the Penal Code are hereby repealed." The same act, purporting to amend section 1168 of the Penal Code contained the following: "Subdivision 2. Maximum penalty generally. Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony is punishable by imprisonment in any of the state prisons, not exceeding 5 years. Subdivision 3. Minimum penalty generally. Except in cases where a different minimum punishment is prescribed by this code for every offense declared to be a felony and punishable by imprisonment in the state prison, the minimum punishment shall be imprisonment in the state prison for not less than 6 months." These two subdivisions of section 1168, *supra,* as amended, include, in substance, all of sections 18 and 18a as they read prior to August 14, 1929.

The contention of the petitioner is to the effect not only that sections 18 and 18a, *supra,* have been repealed, but that subdivisions 2 and 3 of section 1168, *supra,* as amended, are ineffective, in that the Constitution requires only one subject to be included within the title of an act, and that more than one subject is included within the act of the legislature becoming effective August 14, 1929, and not properly included in the title. The title of the act reads as follows: "An act to amend section 1168 of the Penal Code, relating to terms of imprisonment, credits to prisoner

for good behavior, and parole of prisoners; and to repeal sections 18, 18a and 1588 of the Penal Code relating to terms of imprisonment."

Section 1588 of the Penal Code, on August 14, 1929, related to credits and allowances for good behavior that might be awarded prisoners, and also forfeiture thereof for misconduct or violation of rules. While it may be admitted that the title used by the legislature in 1929 amending section 1168 of the Penal Code refers to several particulars, that does not necessarily enforce the conclusion that different subject matters are contained therein, or that different subject matters are set forth in the act and not specified in the title. The whole act and the title thereto refers in fact to only one subject, and that is, terms of imprisonment and how those terms of imprisonment may be determined, may be fixed and may be shortened by the conduct of the prisoners while incarcerated. ■ On the other hand, if the petitioner's contention should be held well taken that the act is void because it violates a constitutional provision, then and in that case the purported repeal of sections 18 and 18a of the Penal Code would necessarily fall with the act, with the result that said sections were in full force and effect at the time of the commission of the offense charged against the petitioner, and also at the time sentence was pronounced upon him.

■ The contention is also made that section 106 is violative of the constitutional rights of the petitioner, in that there is no just reason for classifying prisoners as those who are sentenced for less than life, and fixing an additional penalty upon them for escaping or attempting to escape, when no such penalty is provided for life-termers. The mere statement of the contention shows its fallacy, as no additional term of imprisonment could be imposed upon a life-termer, to begin at the expiration of his term of sentence.

The contention based upon the case of *In re Heath*, 49 Cal. App. 657 [194 Pac. 68], is without merit, as both minimum and maximum penalties are prescribed in the code to which we have referred.

The writ is denied.

Thompson, J., and Pullen, P. J., concurred.

584

Application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 6, 1933.