[Crim. No. 2746. Second Appellate District, Division Two.—September 13, 1935.]

THE PEOPLE, Respondent, v. ROBERT E. HAYES, Appellant.

R. E. Parsons and A. Benjamin for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Appeal from order denying a motion to set aside two judgments.

Appellant was on May 25, 1928, convicted in the Superior Court in and for the City and County of San Francisco of the crime of first degree robbery and sentenced to imprisonment in the state prison at Folsom. After having begun service of his term under said sentence, and having on March 22, 1929, been indicted in Los Angeles County upon robbery charges, appellant was brought before the Superior Court at Los Angeles and there entered pleas of guilty to two counts of robbery, each of which the court found to be a robbery of the first degree, and thereupon on April 26, 1929, the court pronounced judgment sentencing appellant on each conviction to the state prison at Folsom. No appeal was taken from either of these judgments. In April, 1935, appellant filed a notice of motion in the Superior Court in and for Los Angeles County to vacate and set aside the judgments of that court. This motion was denied.

Appellant contends that the sentences imposed by the Superior Court at Los Angeles are ambiguous and uncertain in

that they fail to state when they shall commence, and that if they commence upon the termination of the sentence under the prior conviction then the two later judgments and sentences would be unenforceable, since the first sentence was a sentence for life to which no further period of imprisonment could possibly be added.

■ While it is true, as said in the cases of *In re Lee,* 177 Cal. 690 [171 Pac. 958], *In re Wignall,* 193 Cal. 387 [224 Pac. 452], and *In re Daniels,* 106 Cal. App. 43 [288 Pac. 1109], that when a sentence is imposed under the indeterminate sentence law (sec. 1168, Pen. Code) the term of imprisonment is for the maximum period provided by law as the penalty for the offense in question, this is true only to the extent that the term of imprisonment is the maximum provided by law until action is taken by the board of prison terms and paroles, which may and is required to fix the period of imprisonment at a period between the maximum and minimum penalties, and when so fixed the term of imprisonment is the period fixed by order of that board. (*People* v. *McNabb,* 3 Cal. (2d) 441 [45 Pac. (2d) 334] ; *In re Daniels, supra.*)

■ Since the San Francisco sentence was imposed in 1928, and assuming that the board has acted in accordance with the provisions of the so-called indeterminate sentence law, a definite term of imprisonment has been fixed and this court is justified in so assuming, since appellant has failed to make a showing to the contrary. ■ But even where a defendant is already under a life sentence or even a sentence of death, this does not afford him immunity from prosecution and conviction of other offenses; nor does it preclude the court from passing judgment and sentence upon a subsequent conviction. The fact that a prisoner who serves a life term and, while serving such, dies in prison cannot serve other sentences imposed for other offenses and running consecutively does not prevent, as a matter of law, the imposing of such consecutive sentences even though, as stated in *In re Woofter,* 134 Cal. App. 580, 583 [25 Pac. (2d) 859], the additional penalty cannot be imposed, i. e., actually inflicted, upon such life termer. It might also be mentioned that even where a prisoner is serving a life sentence this does not of necessity mean that he will remain in prison until he dies. Parole, commutation or pardon may release him from prison long before his term of life ends.

■ At the time of the imposition of the Los Angeles sentence section 669 of the Penal Code, so far as applicable here, provided that "when any person is convicted of two or more crimes the imprisonment to which he is sentenced upon the second or other conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged or at the termination of the second or other subsequent term of imprisonment". This is sufficient answer to the contention that it cannot be determined when the Los Angeles sentences will commence. The legality of the indeterminate feature of our laws governing sentences is too well settled to require citation of authority.

■ Appellant argues that the imposition of the Los Angeles sentences constituted excessive, cruel and unusual punishment in violation of the state and United States Constitutions. No authorities are cited to sustain this contention nor are we aware of any. On the contrary, it is well settled that consecutive sentences may be imposed. Appellant's argument is inconsistent with his other contention that under the San Francisco sentence he will remain in prison until he dies. If so he will suffer no penalty under the Los Angeles judgments.

■ Attention is called to the further provision of section 669, as it existed in 1928, that "in exceptional cases the judgment, in the discretion of the court, may direct that such terms of imprisonment or any of them shall run concurrently", and appellant contends that his case is exceptional and hence the sentences should have been ordered to run concurrently. The section leaves the matter entirely within the discretion of the trial court and there is nothing here to indicate an abuse of discretion. Criminals who roam from town to town committing robberies cannot expect that a series of depredations can be expiated by a conviction and sentence for one of the series of crimes, and may well anticipate that the usual and not the exceptional result of such activities will be consecutive and not concurrent sentences.

■ There was no occasion, as that for which appellant contends, that the subsequent judgments should have specified when they should commence. That question is taken care of by the provisions of sections 669 and 1168 of the Penal Code and allied sections, and hence no order of court thereon was necessary. Section 670 of the Penal Code has

no application to the question before us, as it only provides that "the term of imprisonment" of a defendant shall commence with the delivery of the defendant at the place of confinement. It merely fixes the time when a defendant begins to serve a sentence or series of sentences imposed, while section 669 provides for the manner, concurrent or consecutive, in which two or more sentences should be served, and hence affects not the beginning but the duration of the period of incarceration.

In arguing that section 669 of the Penal Code vests in the board of prison terms and paroles any power to control the serving of sentences consecutively or concurrently counsel has failed to consider that the provisions of the section, which, as they existed in 1928, were self-executing except when otherwise ordered by the trial court, and conferred no powers, discretionary or otherwise, upon said board. In the case at bar the sentences by operation of law run consecutively.

The judgments imposed were wholly in compliance with the law and valid, and appellant has not only failed to show any legal reason why they should be vacated or set aside but has failed to show any legal defect or irregularity therein.

The order denying the motion to set aside the judgments is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 10, 1935.