[Crim. No. 3998. In Bank.—June 22, 1936.]

THE PEOPLE, Appellant, v. CHARLES B. JONES, Respondent.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Appellant.

Charles B. Jones, *in pro. per.*, Frederic H. Vercoe, Public Defender, and George A. Benedict, Deputy Public Defender, for Respondent.

WASTE, C. J.—Upon his plea of guilty to a charge of forgery committed while on parole, and admission of three prior felony convictions, respondent, on May 25, 1933, was sentenced to the state prison and adjudged an habitual criminal. On December 3, 1935, and upon motion of defendant, the trial court, purporting to act under a 1935 amendment to section 644 of the Penal Code (the habitual criminal statute), made an order modifying the judgment by deleting therefrom all reference to the defendant as an habitual criminal. The amendment to the section authorized a trial court, in exceptional cases, but not later than sixty days after commencement of the imprisonment, to amend a judgment to provide that the defendant is not an habitual criminal. The People appeal from the order.

The sole question presented relates to the commencement of respondent's life sentence as an habitual criminal, as originally determined in the judgment. If his life sentence as such habitual criminal commenced with the entry of judgment in 1933, then the trial court was without jurisdiction to amend the same in 1935, for the power to so modify is expressly limited by the 1935 amendment (*supra*) to a period of sixty days thereafter. However, if respondent's life sentence as an habitual criminal commenced at the expiration of his unexpired term on the prior sentence, part of which he was serving on parole at the time of his last conviction, which in this case would have been October 13, 1935, the court's modification of the judgment on December 3, 1935, was timely under the amended section.

In so modifying the judgment the trial court was evidently influenced by a stipulation of the district attorney, erroneous and therefore not binding on the court, that the life sentence as an habitual criminal actually commenced at the termination of the prior unexpired sentence, which, as stated, was October 13, 1935. In entering into this stipulation, the district attorney apparently had in mind the provision of section 1168 of the Penal Code (the indeterminate sentence law) declaring that the term of a parole violator for an offense committed while on parole shall commence after the expiration of the unexpired prior term.

It is the position of the attorney-general on appeal that the 1935 amendment of section 644, *supra,* authorizing modification of a life sentence as an habitual criminal, could not apply

retroactively to an offense committed, as here, prior to its enactment. Respondent contends that the provision in section 1168, *supra*, contemplates that the term of a ''parole violator'' for an offense committed while on parole shall commence at the expiration of the sentence on the prior offense. He therefore argues that the modification by the trial court was within time.

We deem it unnecessary to discuss the two contentions, for a point not mentioned by anyone throughout this case would seem to be determinative thereof, and calls for a reversal of the order modifying the judgment. In the case of *People* v. *McNabb*, 3 Cal. (2d) 441 [45 Pac. (2d) 334], this court declared (p. 456):

''The only remaining question which merits consideration is the one most strongly stressed by appellants, towit: were appellants 'undergoing a life sentence' at the time they committed the assaults? The authorities of this and many sister states which have an indeterminate sentence law similar to ours hold that a statute which prescribes a minimum sentence of not less than five years and with no maximum is in law a life sentence until and unless a court or executive board charged with the duty of fixing prison terms remits a portion of the life term. This question was definitely settled in *In re Lee*, 177 Cal. 690 [171 Pac. 958], in 1918 and has been the pronounced law of the state since. . . . The fact that appellant McNabb was returned to prison upon two convictions of first degree robberies committed while released on parole and was required to serve out the uncompleted terms of imprisonment by reason of breaking the terms of his parole did not suspend the force of the commitments upon which he was held. Had he been discharged or released from serving the uncompleted terms by a writ of *habeas corpus* or by pardon he would have still been held as a prisoner serving a life term on said later commitments. We think the contention of appellant McNabb to the effect that a person is not undergoing a life sentence within the purpose and meaning of the law, when imprisoned on a judgment which imposes the longest term known to the law and to which nothing further may be added, because, forsooth, he is also held on a prior uncompleted sentence for years does not stand the test of reason. Section 669, Penal Code, relied upon, is not germane to the subject. It has to do with time served in terms less

than life. It does not purport to say that a person is not undergoing a life sentence when delivered on a certified copy of the judgment of conviction to the warden of the state prison. The prisoner is undergoing a life sentence whatever may happen and he is held as such a prisoner by virtue of said judgment. The law-makers had no thought of attempting to impose additional time to the longest possible span of time or supplementing the infinite with the finite. The whole is greater than any of its parts. The proposition contended for reduces itself to an absurdity.''

The latter part of the foregoing quotation tends strongly to indicate that respondent's life sentence under the judgment as originally entered commenced immediately upon his return to the state prison in 1933, and the trial court was therefore without authority to amend the judgment in 1935 under the 1935 amendment to section 644 of the Penal Code, which limited said power to a period of sixty days after commencement of sentence.

The order appealed from is reversed.

Thompson, J., Seawell, J., Langdon, J., Shenk, J., and Curtis J., concurred.

Rehearing denied.