[Crim. No. 2875.   Second Appellate District, Division Two.—June 30, 1936.]

THE PEOPLE, Respondent, v. HAZEL GLAB, Appellant.

S. S. Hahn and W. O. Graf for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

GOULD, J., *pro tem.*—Fatally wounded by a bullet which coursed through his right chest, John Irving Glab was found lying in an alley at the rear of his residence and garage shortly after 9 o'clock upon the evening of June 18, 1928. He died the same night without recovering consciousness. By grand jury indictment returned more than seven years later, his wife, Hazel Belford Glab, defendant herein, detained at the time by police for questioning, was formally charged with the crime of murdering her husband. Upon trial the jury found her guilty of murder in the second degree and she was sentenced to prison for the term prescribed by law. She appeals from the judgment and from the order denying her motion for new trial.

Appellant's claim that the evidence is insufficient to support the judgment is refuted by an examination of the record. Her threats to kill deceased and her angry arguments with him before his death; her statements thereafter that she had "killed one man and am about to kill another"; the discovery of a secret hiding place for a gun in her automobile; the at least partial identification of appellant as the woman seen running from the scene of the killing; expert testimony that the bullet taken from deceased's body could have been fired from the gun later found in appellant's possession, and a host of other circumstances brought before the jurors, furnished ample and sufficient evidence to justify the verdict rendered.

But, argues appellant, if the prosecution's theory of the killing is correct a verdict of second degree murder would be impossible; first degree murder alone would satisfy the facts claimed by the district attorney. If appellant was guilty of lying in wait and premeditatedly killing her husband, then the jury should have found her guilty of murder in the first degree, it is argued; that no middle ground such as second degree murder was possible, and that appellant was entitled to an acquittal if the jurors did not accept the district attorney's theory of first degree murder. It is the settled law that one convicted of crime will not be heard to

complain that he received a verdict more favorable than the evidence warranted. (*People* v. *Latourell,* 118 Cal. App. 386 [5 Pac. (2d) 456].) Both first and second degree murder were included within the charge of the indictment, and it is the exclusive province of the jury to determine the degree of the offense charged. (*People* v. *Rico,* 180 Cal. 385 [181 Pac. 663].)

No error was committed in permitting testimony as to certain experiments conducted by the district attorney's investigators upon the scene of the crime, to determine the length of time required to go from the point of the murder to the residence of appellant, the possibility of persons within the house hearing a shot fired where the body of decedent was found, and other matters which became pertinent in view of the facts and circumstances elicited in the case. Conditions existing at the time of the murder were duplicated so far as possible in the experiments, and it cannot be said that the testimony had any tendency to confuse the jurors. Such experiments, conducted under conditions the same as those existing in the case itself, are admissible (*People* v. *Ely,* 203 Cal. 628 [265 Pac. 818]), the reception or rejection of such testimony being "largely within the discretion of the trial court." No abuse of such discretion is shown in the case before us.

Testimony was admitted as to the sound of certain footsteps which the witness identified as those of decedent. Appellant cites this as error. "In its last analysis", says the Supreme Court of the State of Washington in *State* v. *Elliott,* 68 Wash. 603 [123 Pac. 1089], "identification of men or things is a matter of opinion. The witness may state his belief. Its worth is for the jury." Identity of a person is permitted by evidence solely of recognition of a voice (16 C. J. 549, sec. 1052), and it has been repeatedly held that a witness may testify concerning sound and the character thereof. (*People* v. *Chin Hane,* 108 Cal. 597 [41 Pac. 697].) No error appears in the admission of the testimony.

Appellant also complains that the court improperly admitted testimony of witnesses concerning occurrences subsequent to the killing of decedent, which, it is argued, tended to prejudice the jurors against her. One such incident was a brawl at which, it was testified, appellant drew a gun, threatened to kill and stated that she had already killed one

man. The obvious purpose of the testimony was not to degrade appellant in the eyes of the jury or to prejudice the jurors against her, or to prove the commission of a similar act, but to prove admissions of appellant as to a previous killing and to prove the possession of a gun. The fact that incidentally such testimony may have involved facts as to the commission of another crime, or may have had a tendency to prejudice the accused in the minds of the jurors, is no valid objection to its admission where, as here, the testimony was proper as tending to connect the accused with the crime charged. (*People* v. *Perry,* 195 Cal. 623 [234 Pac. 890]; *People* v. *Clark,* 70 Cal. App. 531 [233 Pac. 980].)

Upon similar grounds, that appellant was thereby prejudiced in the minds of the jurors, objection is made to the admission of testimony concerning an affray wherein appellant hit a man with the butt of a gun. In this instance the purpose of the testimony was to rebut the theory of the defense that the man with whom she had the affray was in love with appellant and may have been the murderer. To disprove such defense theory the questioned testimony was plainly admissible. (*People* v. *Garcia,* 2 Cal. (2d) 673 [42 Pac. (2d) 1013].)

We have examined other claimed errors in the admission of testimony, but they fall within the categories hereinbefore discussed, or have not sufficient merit to warrant a detailed review.

Appellant also objects to the admission into evidence of various maps and photographs illustrative of the premises where the murder was committed. Such exhibits were properly identified as faithful representations of the objects they purported to reproduce. It is established that such appropriate aids are admissible to assist the jury in applying the evidence (*People* v. *Durrant,* 116 Cal. 179 [48 Pac. 75].)

Claim is made that the court erred in allowing the prosecution to reopen its case for further testimony and denied the same right to the defense. But it is not shown how or in what manner appellant was injured thereby. Similarly there is no showing whatsoever of any injury suffered by appellant because certain limited portions only of the testimony were read to the jurors in response to their request for the same. In the absence of a showing of prejudice suffered by appellant by the actions complained of, the asser-

tion that error was committed cannot be considered by the appellate court on review of the trial court's rulings. Prejudice is not presumed even if error be shown. (*People* v. *McGann*, 194 Cal. 688 [230 Pac. 169].)

■ Error is claimed in certain instructions but there is no citation of authority, and nowhere is it pointed out how or in what manner appellant was prejudiced thereby. Under the circumstances it is not incumbent upon this court to consider the point. (*People* v. *Marron*, 140 Cal. App. 432 [35 Pac. (2d) 610].)

■ In his argument the district attorney, referring to the accused, stated: "You know she is guilty of other crimes that for some reason or other she has been fortunate enough not to be prosecuted for." In presenting evidence bearing upon the guilt of appellant of the crime for which she was on trial the district attorney produced witnesses who related certain facts which tended to show that she was guilty of other crimes. As hereinabove pointed out, this evidence was properly received as part of the proof of the present charge. The statement of the district attorney commences with the words "You know". Manifestly the prosecutor was referring to facts which had been related to the jury in the trial. The remark was improper, but under the circumstances it cannot be successfully maintained that appellant was prejudiced because of it, and it is inconceivable that the remark could have influenced the jury in its verdict.

■ Prior to the trial of the murder charge appellant had been convicted of another felony and sentenced to state prison. In pronouncing sentence in the within case the court ordered that sentence run consecutively to that in the former case. It is urged that this was erroneous. Section 669 of the Penal Code and the language of this court in *People* v. *Hayes*, 9 Cal. App. (2d) 157 [49 Pac. (2d) 288], is sufficient answer to appellant's contention and complete authority for the court's action in ordering the sentences to run consecutively.

We are satisfied from an examination of the entire case that appellant was accorded a fair and impartial trial, that the jury was fairly and fully instructed and that there was no miscarriage of justice.

Judgment and order affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1936.