[Crim. No. 2937. Second Appellate District, Division One.—May 6, 1937.]

THE PEOPLE, Respondent, v. EARL S. COWEN, Appellant.

Earl S. Cowen, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

YORK, J.—This is an appeal from an order of the trial court denying a motion made by appellant pursuant to section 669 of the Penal Code to determine the running of sentence. Appellant was charged, tried and convicted upon two informations, the first containing a single count of attempted robbery; the second containing two counts, one of rape and one of robbery. Judgment was pronounced and sentence imposed for all three counts on the 19th day of May, 1930. The judgments on the rape and robbery counts were ordered to run concurrently, but nothing is said in the judgment on the charge of attempted robbery as to how it should run with reference to the other two. It was also found that appellant had been convicted of a prior felony and had served a term of imprisonment therefor.

Appellant contends, because the state board of prison directors has seen fit to treat the judgment in the case of attempted robbery as being a judgment to follow after the expiration of the life term imposed on the robbery charge, hence resulting in a difference of five years in the length of his imprisonment, that he has the right to a determination by the court as to how the judgment in the attempted robbery case shall run. In support of his contention he argues that, since he is serving a term of less than for life for the crime of rape, which term runs concurrently and is merged with the life sentence for the crime of robbery, the greatest possible term he may serve is for life, and it necessarily follows that the judgment on the charge of attempted robbery should run concurrently, he claiming that it is a legal absurdity to hold that he should serve such term consecutively to a life term.

At the time of appellant's conviction, section 669 of the Penal Code read as follows: "When any person is convicted

of two or more crimes the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be; provided, that in exceptional cases the judgment, in the discretion of the court, may direct that such terms of imprisonment, or any of them, shall run concurrently.'' (Stats. 1927, p. 1056.)

In the case of *People* v. *Hayes*, 9 Cal. App. (2d) 157 [49 Pac. (2d) 288], the defendant was convicted of the crime of first degree robbery and on May 25, 1928, was sentenced to imprisonment in the state prison at Folsom. After he had begun to serve his term under said sentence, he was indicted and brought before the court on robbery charges, entered pleas of guilty, and judgments were pronounced on April 26, 1929, sentencing him on each conviction to the state prison at Folsom. Thereafter, in April, 1935, defendant made a motion to vacate and set aside the judgments of April 26, 1929, on the ground that ''they fail to state when they shall commence, and that if they commence upon the termination of the sentence under the prior conviction then the two later judgments and sentences would be unenforceable, since the first sentence was a sentence for life to which no further period of imprisonment could possibly be added.''

It was there said (p. 160): ''But even where a defendant is already under a life sentence or even a sentence of death, this does not afford him immunity from prosecution and conviction of other offenses; nor does it preclude the court from passing judgment and sentence upon a subsequent conviction. The fact that a prisoner who serves a life term and, while serving such, dies in prison cannot serve other sentences imposed for other offenses and running consecutively does not prevent, as a matter of law the imposing of such consecutive sentences, even though, as stated *In re Woofter*, 134 Cal. App. 580, 583 [25 Pac. (2d) 859], the additional penalty cannot be imposed, i. e., actually inflicted upon such life termer. It might also be mentioned that even where a prisoner is serving a life sentence this does not of necessity mean that he will remain in prison until he dies. Parole, commutation or pardon may release him from prison long before his term of life ends.'' The court then quoted from section 669 of the

Penal Code, as it then read and as it read at the time of the convictions in the case before us, and held that "the sentences by operation of law run consecutively".

Upon the authority of the cited case and said section 669 of the Penal Code (as was in effect at the date of sentence herein), we are of the opinion that the sentence on the charge of attempted robbery by operation of law runs consecutively to the sentences on the other two charges.

The order appealed from is therefore affirmed.

Houser, P. J., and Doran, J., concurred.

· A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.