[Crim. No. 2328. First Dist., Div. One. Mar. 29, 1945.]

THE PEOPLE, Appellant, v. PAUL McCRACKEN, Respondent.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney (San Francisco), and Alfred Del Carlo, Deputy District Attorney, for Appellant.

Bell & Anderson for Respondent.

DOOLING, J. pro tem.—This is an appeal from an order of the Superior Court of San Mateo County discharging the respondent from the custody of the Sheriff of the City and County of San Francisco by writ of habeas corpus.

Respondent pleaded guilty in the Superior Court in San Francisco to charges of two separate violations of section

11160 of the Health and Safety Code in actions numbered in that court No. 34351 and 34352 respectively. In action No. 34351 he was sentenced to imprisonment in the county jail for the term of one year. In action No. 34352 he was sentenced for a like term ''said sentence to run consecutively with sentence imposed in Action No. 34351.'' He was confined in the San Francisco County Jail in San Mateo County. After the lapse of more than one year he filed his petition for writ of habeas corpus claiming that the two sentences ran concurrently.

Section 669 of the Penal Code provides: ''When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be; provided, however, if the punishment for any of said crimes is expressly prescribed to be life imprisonment, then the terms of imprisonment on the other convictions, whether prior or subsequent, shall be merged and run concurrently with such life term. In the event that the court at the time of pronouncing the second or other judgment upon such person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon such failure so to determine, or upon such prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of such notice, determine how the term of imprisonment upon said second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently.''

■ It is respondent's position that the sentence in action No. 34352 was too indefinite to comply with the requirement of this section that "the second . . . judgment shall direct . . . whether the imprisonment to which he is . . . sentenced upon the second . . . conviction shall commence at the termination of the first term of imprisonment . . .," and that the court failed "to determine how the terms of imprisonment shall run in relation to each other"; and for that reason the terms ran concurrently under the provision of the section that: "Upon the failure of the court so to determine how the terms of imprisonment on the second . . . judgment shall run, the term of imprisonment on the second . . . judgment shall run concurrently."

The same question was directly before the court in *People* v. *Hirschbein*, 16 Cal.App.2d 458 [60 P.2d 532]. In that case the identical language was used in sentencing the defendant on several counts of grand theft. The court there concluded (p. 460):

"There is no difficulty, when reading the California cases, in understanding that a sentence which runs consecutively is one which 'shall commence at the termination of the first term of imprisonment to which he has been sentenced, or at the termination of the second or subsequent term of imprisonment to which he has been sentenced, as the case may be.' There is no merit in defendant's contention." (*Cf. Rice* v. *United States*, 7 F.2d 319; *Boyd* v. *Archer*, 42 F.2d 43.)

The further argument is made that the second sentence is too indefinite because it refers to the first action only by its number. The reference is sufficient to identify the action referred to with certainty, which is all that is required. (*In re Mann*, 192 Cal. 393 [220 P. 305].)

■ The claim is also made by respondent that he was sentenced twice for the same offense. This would seem to be a matter properly to be raised on appeal and not by habeas corpus. (*Matter of Hughes*, 159 Cal. 360, 362 [113 P. 684].) In any event it is a sufficient answer to this claim that the facts to support it are neither alleged in the petition nor shown by the record.

In view of our conclusion on the points herein discussed it becomes unnecessary to consider other questions argued.

The order discharging the defendant on habeas corpus is accordingly reversed.

Peters, P. J., and Ward, J., concurred.