[Crim. No. 4146. Second Dist., Div. Two. Oct. 17, 1947.]

THE PEOPLE, Respondent, v. WILLIAM WALTER AVELINO, Appellant.

Alexander L. Oster for Appellant.

Fred N. Howser, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appeal from an order denying appellant's motion to modify that provision of the judgment of his conviction adjudicating him to be an habitual criminal.

On March 30, 1945, appellant was convicted of attempted burglary of the second degree and was adjudged an habitual criminal by reason of three prior convictions for each of which he had served a term in the state prison. Having been sentenced to serve the term prescribed as provided by section 644 of the Penal Code as enacted in 1941 (Stats. 1941, ch. 106, § 10), and having commenced the service of his sentence, the judgment was in effect his imprisonment for life in the state

penitentiary. Thereafter in 1945, section 3048.5 was added to the Penal Code providing:

(1) Every person heretofore adjudged to be an habitual criminal under section 644 as it read prior to the enactment of this statute who could have been adjudged to be an habitual criminal under section 644 as amended by this statute shall be imprisoned for life and shall be eligible for a release on parole as provided under sections 3047 and 3048 of this Code.

(2) Every such person heretofore adjudged to be an habitual criminal under paragraph (a) of section 644 as it read prior to the effective date of this statute shall be eligible for release on parole after he shall have served the minimum term of at least twelve years.

(3) "Every other person heretofore adjudged or determined to be an habitual criminal under either paragraph (a) or (b) of section 644 of the Penal Code as that section read prior to the effective date of this act shall be deemed to be imprisoned for life and shall be eligible for release on parole after he shall have served a minimum term of seven calendar years."

█ Appellant contends that section 3048.5 is retroactive and therefore authorized the trial court to revise its judgment determining him to be an habitual criminal under the statute of 1941 by striking therefrom such adjudication. Such is not a reasonable interpretation of the quoted section. A statute providing for a change in the treatment or disposition of the inmates of a penal institution does not affect a final judgment by which a felon has been sentenced to life imprisonment. Section 3048.5 insofar as it applies to those already adjudged to be habitual criminals at the time of its enactment is merely a direction to the Board of Prison Terms and Paroles. It is not an authorization to the courts to vacate or revise their final judgments. █ It is the rule that a court is without jurisdiction in any manner to modify a sentence which it has pronounced if such sentence has been entered in the minutes of the court or if the defendant has already begun serving his sentence. (*People* v. *McAllister*, 15 Cal.2d 519, 526 [102 P.2d 1072]; *People* v. *McVicker*, 37 Cal.App.2d 470, 473 [99 P.2d 1110].)

It is true that under the judgment and the statute of 1941 appellant is deemed to be serving a term for life, and that section 3048.5 provides for his parole after serving seven years. But there is no provision in the latter statute requiring

the board to parole him after seven years, although it does specifically declare that he shall be eligible for release on parole after he shall have served a minimum term of seven calendar years. Such provision for eligibility to parole is not the equivalent of a valid legislative direction to a trial court to amend its final judgment.

The order is affirmed.

McComb, J., and Wilson, J., concurred.