Filed 7/2/21  P. v. Safarov CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RUSHAN SAFAROV,<br><br>　　　　Defendant and Appellant. | A157776<br><br><br>(San Mateo County<br>Super. Ct. No. 18SF007770A) |

This is an appeal from judgment after a jury convicted defendant Rushan Safarov of felony burglary.  Defendant, who when sentenced was serving preexisting sentences for convictions in Sacramento and Placer Counties, contends the trial court imposed an unauthorized sentence in violation of Penal Code sections 669 and 1170, subdivision (a)[1] because it failed to pronounce on the record a new, aggregate sentence that included his unfinished, previous sentences.  Defendant contends the court's failure renders his sentence in this case concurrent (rather than consecutive) by operation of law.  For reasons that follow, we remand this matter to the trial court for pronouncement of an aggregate sentence in accordance with the applicable law, and in all other regards affirm the judgment.

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2018, an information was filed charging defendant with one count of first degree burglary with a person present (§ 460, subd. (a)). It was further alleged that the charged offense was a violent felony within the meaning of section 667.5, subdivision (c) in that another person other than an accomplice was present in the residence during the burglary. A trial began on May 13, 2019, at which the following evidence was received.

On March 19, 2017, around 7:00 a.m., Jacqueline W. left her home in an unincorporated area of San Mateo County. When she returned before 10:00 a.m. and drove into her garage, she noticed the side door of her garage was forced open and broken off its hinge. Jacqueline left her car and attempted to enter her house through the interior door connecting the garage to her kitchen, but she found the door was locked. Although Jacqueline knew she had not locked that door, she used her key to unlock it and entered the kitchen.

At this point, Jacqueline heard "thudding and crashing" followed by the sound of someone running through the back of the house in the area of the master bedroom. Terrified, Jacqueline ran out the front door to the street and heard what sounded like someone climbing over the fence that separated her yard from her neighbor's yard. As she tried to call the police, Jacqueline saw a white male climb over the fence to her neighbor's yard before proceeding to a small, white car parked on the street. This male, later identified as defendant, was wearing a black ski hat and carrying a black backpack that appeared full.

After defendant got into the car and left the area, Jacqueline returned to her house and found it ransacked, with $7,000 worth of property missing. In addition, the master bedroom's screen door was smashed and off of its

2

hinge. There was a crowbar not belonging to Jacqueline in the backyard and a can of root beer on the kitchen table. The police crime lab later analyzed the soda can and found DNA belonging to defendant.

On May 30, 2019, the jury reached a guilty verdict as to the first degree burglary count, a serious felony within the meaning of section 1192.7, subdivision (c), and found true the violent felony enhancement allegation. After the verdict was read, defendant waived a probation report.

At the June 5, 2019 sentencing hearing, the prosecution moved for "a sentence of 16 months consecutive to the sentence currently being served by the defendant." The People represented in their sentencing memorandum that "defendant is currently serving a 72 month sentence from Sacramento and Placer counties. The People are aware that a consecutive sentence will convert the defendant's current sentence from a sentence eligible for 50% credit to a sentence eligible for 15% credit. [Citations.] The People feel that this increase in the defendant's existing sentence is commensurate with the additional criminal activity the defendant has engaged in. In a short time, the defendant broke into the homes of two separate families." The prosecution's memorandum provided a list of defendant's prior convictions, which included a 2018 conviction that involved similar charges and similar facts to this case.[2]

---

[2] The sentencing memorandum states: "As documented in Sacramento Police report number 17-55237, a family returned home from church to find their house ransacked. The family realized that property was missing from the home. A neighbor observed a white Ford Fusion park in front of the victim [sic] house, and two men get out. One of the men was wearing all black, including a black hat. The neighbor saw one of the men leave a coffee cup in the street outside of the house. The cup was collected by officers from the Sacramento Police Department. Subsequent analysis of the cup revealed the DNA on it belonged to the defendant."

In response, defense counsel referred to the existing prison sentence and urged the trial court to impose a concurrent term. The trial court disagreed with defense counsel and imposed a sentence of one-third the middle term for burglary, to be served consecutively "to the sentence presently being served from other counties." Defendant timely appealed.

## DISCUSSION

Defendant seeks modification of his sentence from consecutive to concurrent on the grounds that the trial court failed to discharge its statutory duty to pronounce on the record the aggregate prison term, specifying how the term of imprisonment in this case would run with reference to his prior, incompleted term(s). The following rules apply.

Section 669, subdivision (a) provides in relevant part: "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively."

Section 669, subdivision (b) provides: "In the event that the court at the time of pronouncing the second or other judgment upon that person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon that failure to determine, or upon that prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60

4

days of the notice, determine how the term of imprisonment upon the second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment. Upon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

Section 1170.1, subdivision (a), in turn, provides in relevant part: "[W]hen any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed. . . ." (See Cal. Rules of Court, rule 4.452(a) (hereinafter, rule 4.452(a)) ["If a determinate sentence is imposed under section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences"].)

5

Thus, section 1170.1, subdivision (a) and rule 4.452(a) require that a trial court imposing a consecutive sentence to a prior determinate sentence pronounce a single aggregate term. Here, the trial court failed to comply with this rule. Rather, the court stated for the record that defendant's sentence was to run consecutively to "the sentence" he was already serving but did not then pronounce a single, aggregate term.

Defendant argues that the "plain language of . . . section 669 provides that if a proper aggregate sentence has not been imposed by 60 days from the beginning of imprisonment, 'the term of imprisonment on the second or subsequent judgment shall run concurrently.' (*Id.*, subd. (b).)" According to defendant, the remedy for the court's failure to impose a proper aggregate term in accordance with the above stated rules is to modify the sentence to make it concurrent. We disagree.

As the People note, section 669 does not require a trial court to pronounce a single aggregate term; the statute only requires the court to expressly state whether a sentence is to be run consecutively or concurrently. Here, the trial court clearly stated on the record that defendant's sentence, one-third the middle term for burglary, was to be served consecutively "to the sentence presently being served from other counties." As such, section 669, subdivision (b), requiring imposition of a concurrent term *if* the court fails to determine how the term on the subsequent judgment shall run, was not triggered. Indeed, as defendant himself argues, the "requirement that the trial court specify the terms of the aggregate sentence within 60 days likely exists to preclude 'inadvertent imposition of consecutive sentences' by allowing so much time to pass during appeal and remand that, by the time of resentencing, the defendant has already served a consecutive sentence by default. (See *In re White* (1969) 1 Cal.3d 207, 211.)" Here, the court's

6

imposition of a consecutive sentence was not inadvertent; it was deliberate. (See *People v. Edwards* (1981) 117 Cal.App.3d 436, 451–542 [§ 669 "inapposite" where the record is clear the trial court intended to impose consecutive sentence].)

Finally, we agree with the People that the appropriate remedy for the trial court's failure to pronounce the aggregate term is to remand the case for the court to make this pronouncement in accordance with the law, taking into account all of defendant's pending sentences. (See *People v. Benton* (1979) 100 Cal.App.3d 92, 102 ["The court's error [in imposing an unauthorized sentence] is more analogous to a failure to pronounce sentence on all counts, which is the type of unauthorized sentence that can be corrected by remand on the defendant's appeal"]; *People v. Cheffen* (1969) 2 Cal.App.3d 638, 642–643 [failure to pronounce judgment may be rectified on remand where defendant suffered no prejudice as a result of the delay and no miscarriage of justice occurred].) While this court has the authority to correct clerical errors (*People v. Mitchell* (2001) 26 Cal.4th 181, 185), as defendant acknowledges, the record in this case is unclear with respect to the status of defendant's previously imposed sentences.[3]

---

[3] To be clear, we remand only for the trial court to comply with section 1170.1, subdivision (a), which provides that "the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1." (See *In re Reeves* (2005) 35 Cal.4th 765, 773 ["A court that decides to run terms consecutively must create a new, 'aggregate term of imprisonment' (§ 1170.1, subd. (a)) into which all the consecutive terms merge"].) The trial court has no authority on remand to modify provisions of the judgment that affect the length of time of imprisonment. (See *In re Pedrini* (1949) 33 Cal.2d 876, 879–880 ["the failure of the trial court to specify the order in which the sentences run does not, in the circumstances, make it impossible to carry out the apparent intent and direction that the sentences shall run consecutively

**DISPOSITION**

The matter is remanded to the trial court for pronouncement of an aggregate sentence in accordance with the applicable law.  The judgment is otherwise affirmed.

---

in relation to each other"], disapproved on other grounds in *People v. Thomas* (1959) 52 Cal.2d 521, 534.)

_____
Jackson, J.

WE CONCUR:


_____
Petrou, Acting P. J.


_____
Wiseman, J.*

A157776/*People v. Rushan Safarov*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.