## McCOY v. SEVERSON.

No. 7557. Decided October 7, 1950. (222 P. 2d 1058)

See 24 C. J. S., Criminal Law, Sec. 1995. Criminal sentences as running consecutively, 116 A. L. R. 811. See, also, 15 Am. Jur. 121.

*Clinton D. Vernon*, Atty. Gen., *Bryce E. Roe*, Asst. Atty. Gen., for appellant.

*Lee N. Taylor*, Salt Lake City, for respondent.

LATIMER, Justice.

This is a petition for a declaratory judgment brought by Robert H. McCoy, requesting a judicial interpretation of certain statutory provisions as applied to his terms of confinement. From a judgment in the court below declaring that the petitioner was entitled to be released from prison July 11, 1950, the defendant, warden of the Utah State Prison, brings this appeal.

From the stipulation of facts upon which the cause was heard in the lower court, it appears that petitioner was convicted of the crime of robbery and on December 20, 1924, was sentenced to prison for an indeterminate term of five years to life; that on March 14, 1925, he was taken from prison, tried and convicted of the crime of murder in the first degree, and sentenced to life imprisonment; that the homicide of which he was convicted occurred away from the scene of the robbery, but during the time petitioner was being pursued; that in sentencing the petitioner on the murder conviction, the court did not specify whether the sentence would run concurrently or consecutively with the previous sentence for robbery; that on June 27, 1934, the Board of Pardons terminated the robbery sentence and on January 16, 1937, the Board commuted the murder sentence to a term of twenty-five years; that if the sentences run concurrently, petitioner is entitled to be released on July 11, 1950; and that if the sentences run consecutively peti-

tioner's sentence is scheduled to be satisfied on September 22, 1959.

The judge of the lower court held that the sentences of the petitioner were to run concurrently, and explained his ruling in a memorandum of decision as follows: "At the time McCoy began serving his second sentence he was then serving two life sentences. It is manifestly impossible for a person to serve two life sentences consecutively and it is the opinion of the Court that the Utah statute referred to above, which is U. C. A. 103—1—32, was meant to apply to sentences for a term of years and not to sentences for life, as suggested in *People* v. *McNabb,* [3] Cal. [2d 441], 45 P. 2d 334. During the period of incarceration with respect to which McCoy was serving two life sentences, that is between March 14, 1925, and June 27, 1934, he must of necessity have been serving such sentences concurrently. It therefore follows that he is entitled to have credit for that time applied upon the twenty-five year period to which the Board commuted his murder sentence. Under the facts agreed upon by the parties this would entitle petitioner to be released from prison July 11, 1950."

The principal question presented to us on this appeal is whether the trial judge correctly interpreted the provisions of the Utah statutes dealing with the terms of imprisonment for two or more offenses committed at substantially the same time. Unless otherwise noted all quoted sections of the statutes are found in Utah Code Annotated, 1943.

Section 103—1—32, U. C. A. 1943, which is identical with the statutory provision in effect at the time the sentences were imposed upon the petitioner provides as follows: "When any person is convicted of two or more crimes, either before or after sentence has been pronounced upon him for either, *the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to*

*which he shall be sentenced,* or at the termination of the second or other subsequent term of imprisonment, as the case may be." (Emphasis added.)

Defendant contends that under the terms of this section the sentences must run consecutively and that there is no reason for excluding life sentences from its provisions. Petitioner, on the other hand, makes two contentions: (1) That Section 105—36—14, U. C. A. 1943, later quoted, is in conflict with the provisions of Section 103—1—32, and that in view of this discrepancy, the common law rule of concurrent sentences should be followed; and, (2) that the provisions of both sections were intended to apply only to those sentences for a term of years and not to life sentences.

Section 103—1—32 was originally Section 2221, Laws of Utah, 1876. At that time, the section read as follows: "When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged or at the termination of the second or other subsequent term of imprisonment, as the case may be."

The common law rule and many of the early decisions following that rule were to the effect that if several sentences of imprisonment were imposed upon a person at substantially the same time they would run concurrently unless the court expressly directed otherwise. ■
The section quoted immediately above changed that rule insofar as this jurisdiction was concerned and made it mandatory upon the court to sentence a person to successive terms for different crimes if a sentence had not been imposed upon him for any of the convictions.

The provisions of Section 2221 remained unchanged until 1917, but prior to that time a seemingly inconsistent section

was enacted. In 1898, a predecessor of Section 105—36—14 was passed. Section 4918, Revised Statutes of Utah, 1898, which is now that section, provided as follows: "If the defendant has been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

For the purposes of this case only, we can assume that this section modified the provisions of Section 2221, Compiled Laws of Utah, 1876, so as to permit a court discretion in providing concurrent sentences. This assumption can be indulged in without affecting either party's contentions for the reason that both of the quoted sections as originally enacted dealt with cases where the defendant has been convicted of two or more offenses and sentence has not been pronounced on either. In the case at bar, the petitioner had been sentenced on the robbery charge prior to the date he was tried and convicted on the murder charge.

In 1917, the legislature amended the predecessor of Section 103—1—32 so that at that time and presently the section reads as follows: "When any person is convicted of two or more crimes, *either before or after sentence* has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be sentenced, or at the termination of the second or other subsequent term of imprisonment, as the case may be." (Emphasis added.)

At least part of the claimed inconsistency between the two quoted sections was removed by the amendment and that portion of the section which controls petitioner's incarceration is not in conflict with the other section of the statutes. Under the wording of the 1917 amendment, Section 103—1—32 must be interpreted

as controlling when a person is convicted of two or more crimes and sentence has been pronounced on one. Section 105—36—14, has no application in that event as it only applied when sentence on either of the two has not been imposed. Petitioner, having been sentenced on the robbery charge before being convicted on the murder charge, his term on the latter must commence at the expiration of the time the former has been served unless his other contention is sustained.

Before answering petitioner's second contention, we dispose of one preliminary question: Did the legislature, when it passed the indeterminate sentence law, now Section 105—36—20, U. C. A. 1943, intend to repeal the existing statutory provisions with respect to concurrent and consecutive sentences when fixed sentences were not imposed? As previously stated, the two sections dealing with the commencement of terms had been enacted early in the statutory history of this jurisdiction and were part of the criminal code at the time the indeterminate sentence law was enacted. At first glance, it might appear that the reasons for requiring indeterminate sentences to run consecutively had ceased because they were no longer fixed and the board of pardons could determine the length of time a defendant might serve. While the indeterminate sentence act was comprehensive in its scope it did not occupy the full field of criminal punishment.

It is a rule of statutory construction that where there are two or more statutes dealing with the same subject matter they will be construed so as to maintain the integrity of both. Repeal by implication is not effected unless the terms of the later enacted law are irreconcilable with the former.

The indeterminate sentence law does not cover all situations. Here, the petitioner was convicted of two distinct offenses and two separate judgments were imposed. While

the board of pardons might require him to serve for the duration of his natural life under the robbery conviction, there are situations where the maximum term provided by law for one sentence is not of sufficient length to adequately punish a defendant for committing numerous offenses. If the legislature intended that the indeterminate sentence act should repeal the other provisions of the statutes dealing with imprisonment, it did not say so. Furthermore, to so construe the act would bring about a result where, in certain instances, courts and the board of pardons would be powerless to confine habitual violaters for suitable periods of time.

One of the purposes of the indeterminate sentence act was to fit the punishment to the criminal rather than the crime. But if it be held that that act repealed the statutory provisions dealing with consecutive terms the imposition of appropriate punishment on persons convicted of two or more offenses might in some cases be impossible. Moreover, to so hold would bring about a situation where persons who were convicted of offenses which carried fixed sentences (generally murder or misdemeanors) █ would labor under the necessity of serving their sentences consecutively while those convicted of offenses which did not carry a fixed term would not be so burdened. It is not believed the legislature intended any such result. Rather, it would appear the legislature intended that the statute should be uniformly applied.

The second question is whether the two sections dealing with the terms of imprisonment have no application when a defendant has received a life sentence. The trial court, in reaching its decision, relied on the California case of *People* v. *McNabb*, 1935, 3 Cal. 2d 441, 45 P. 2d 334, 341. In that case, defendant was charged with violating the provisions of a California statute which provided that any person undergoing a life sentence in a state prison who commits an assault upon the person of another with a

deadly weapon shall be sentenced to death. The question under consideration was whether or not McNabb was undergoing a life sentence at the time of the attempted prison break and assault. He was first received in prison March 7, 1923, having been convicted of two separate counts of robbery in the first degree. On March 30, 1924, his terms of imprisonment were fixed at fifteen and five years respectively on these convictions. On March 9, 1927, he was released on parole and on September 6, 1929, he was delivered to a different prison in the same state upon a certified copy of a judgment of conviction under two new counts of robbery in the first degree committed while he was on parole. The sentences for the first degree robberies committed while on parole were indeterminate sentences of five years to life. McNabb, to escape the death penalty, contended that he was not serving a life sentence for the reason that the subsequent sentences of from five years to life would not start to run until he had served the time imposed by the earlier judgments. The court held that at that time of the attempted break he was serving a life term even though his original sentences had not been completely served. Discussing Section 669, Penal Code of California, which required that multiple sentences should run consecutively unless otherwise directed by the trial court, the Supreme Court of California said: "* * * We think the contention of appellant McNabb to the effect that a person is not undergoing a life sentence within the purpose and meaning of the law, when imprisoned on a judgment which imposes the longest term known to the law and to which nothing further may be added, because, forsooth, he is also held on a prior uncompleted sentence for years does not stand the test of reason. Section 669, Penal Code, relied upon, is not germane to the subject. It has to do with time served in terms less than life. It does not purport to say that a person is not undergoing a life sentence when delivered on a certified copy of the judgment of conviction

to the warden of the state prison. The prisoner is undergoing a life sentence whatever may happen and he is held as such a prisoner by virtue of said judgment. *The lawmakers had no thought of attempting to impose additional time to the longest possible span of time or of supplementing the infinite with the finite. The whole is greater than any of its parts. The proposition contended for reduces itself to an absurdity. The lawmakers had no thought of a life sentence when the section was adopted. It was dealing with consecutive terms of imprisonment for a term of years. \* \* \*"* (Emphasis added.)

The emphasized language in the above quotation is relied upon by petitioner to sustain his second contention and was the basis for the decision of the trial court in the instant case. However, subsequent California decisions suggest that the doctrine of the McNabb case has been qualified, or is not controlling under facts similar to the present cause.

In *People* v. *Hayes*, 1935, 9 Cal. App. 2d 157, 49 P. 2d 288, 290, the defendant was convicted in San Francisco of the crime of first degree robbery and sentenced to imprisonment for a term of from five years to life. After having begun service of his term under that sentence, he was indicted in Los Angeles, upon robbery charges, entered pleas of guilty to two counts, each of which charged robbery in the first degree, and sentence was pronounced on each. Subsequently, the defendant filed a motion to vacate and set aside the later judgments, contending that the sentences were ambiguous and uncertain because they failed to state when they commenced; and, that if they commenced upon the termination of the sentence under the prior conviction then they would be unenforceable, since the first sentence was for life to which no further period of imprisonment could possibly be added. The District Court of Appeal, Second District, California, said:

"* * * even where a defendant is already under a life sentence or even a sentence of death, this does not afford him immunity from prosecution and conviction of other offenses; nor . does it preclude the court from passing judgment and sentence upon a subsequent conviction. The fact that a prisoner who serves a . life term, and, while serving such, dies in prison cannot serve other sentences imposed for other offenses and running consecutively does not prevent, as a matter of law, the imposing of such consecutive sentences, even though, as stated in *Re Woofter*, 134 Cal. App. 580, 583, 25 P. 2d 859, the additional penalty cannot be imposed, i. e., actually inflicted, upon such life termer. It might also be mentioned that even where a prisoner is serving a life sentence this does not of necessity mean that he will remain in prison until he dies. Parole, commutation, or pardon may release him from prison long before his term of life ends."

In *People* v *Glab*, 1936, 15 Cal. App. 2d 120, 59 P. 2d 195, the District Court of Appeal, Second District, California, followed the ruling of the Hayes case, *People* v. *Hayes*, 9 Cal. App. 2d 157, 49 P. 2d 288, holding that where the defendant had been convicted of another felony prior to the trial of the murder charge, in the murder case the court had complete authority to order that the sentence for life imprisonment run consecutively to the sentence in the former felony case.

In *People* v. *Cowen*, 1937, 20 Cal. App. 2d 674, 67 P. 2d 737, hearing denied by the California Supreme Court, and certiorari to the United States Supreme Court denied *Cowen* v. *State of California*, 306 U. S. 652, 59 S. Ct. 646, 83 L. Ed. 1051, the District Court of Appeal, Second District, California, again followed the Hayes case. There appellant was charged, tried and convicted upon two informations, the first containing a single count of attempted robbery; and the second containing two counts, one of rape and one of robbery. Judgment was pronounced and sentence imposed on all three counts. Sentences on the rape and robbery charges were ordered to run concurrently, but nothing was said in the judgment on the charge of attempted robbery as to how it should run with reference to the other two. The court said:

"Appellant contends, because the state board of prison directors has seen

fit to treat the judgment in the case of attempted robbery as being a judgment to follow after the expiration of the life term imposed on the robbery charge, hence resulting in a difference of five years in the length of his imprisonment, that he has the right to a determination by the court as to how the judgment in the attempted robbery case shall run. In support of his contention, he argues that, since he is serving a term of less than for life for the crime of rape, which term runs concurrently and is merged with the life sentence for the crime of robbery, the greatest possible term he may serve is for life, and it necessarily follows that the judgment on the charge of attempted robbery should run concurrently, he claiming that it is a legal absurdity to hold that he should serve such term consecutively to a life term.

\* \* \* \* \* \*

"Upon the authority of the cited case and said section 669 of the Penal Code (as was in effect at the date of sentence herein), we are of the opinion that the sentence on the charge of attempted robbery by operation of law runs consecutively to the sentences on the other two charges."

In *Ex parte Quinn*, 1945, 25 Cal. 2d 799, 154 P. 2d 875, 876, the Supreme Court of California discussed the McNabb and Hayes decisions and approved the principle announced in the latter. In that appeal, the petitioner contended that he was unlawfully deprived of his liberty because his five sentences must be held to run concurrently and therefore had expired. His principal argument was that a sentence for robbery in the first degree, being for an indeterminate term without a specified maximum, is a life sentence, at least until the term has been fixed by the parole board; that nothing can be added to a life sentence, and hence, upon pronouncing judgment on the first robbery count, the court became powerless to direct that any subsequent sentence run consecutively; and, that all the subsequent sentences must be deemed to have merged in the first judgment and to have run concurrently with it. The court said:

"There is no merit in petitioner's contention. Certainly an indeterminate sentence without a fixed maximum is regarded for certain purposes as having the effect of a life sentence until and unless the prison term board has acted and fixed a term for years. (*People* v. *Ralph* (1944), 24 Cal. 2d 575, 578, 150 P. 2d 401; *People* v. *Jones* (1936) 6 Cal. 2d 554, 556, 59 P. 2d 89; *People* v. *McNabb* (1935), 3 Cal. 2d 441, 456, 457, 45 P. 2d 334) but this proposition of law does not preclude our recognizing the reality that, in the absence of action by the board, an indeterminate sentence *is an indeterminate sentence*. It is neither a life sentence nor a fixed

term sentence, it is entitled to recognition as a distinct *species intelligibilis.* The fact that for some purposes it has the legal effect of a life sentence does not mean that it must be regarded as the equivalent of a life sentence for all purposes. (*People* v. *Ralph* (1944), supra, at pages 578-582 of 24 Cal. 2d, 150 P. 2d 401.) A defendant against whom such a judgment has been pronounced may or may not be required to spend the entire term of his natural life in prison.

\* \* \* \* \* \*

"The question as to whether, under the circumstances shown in the cited case, the indeterminate sentences on the two robbery counts on which the prison term board had not acted were to be regarded as bringing the defendant (McNabb) within the category of persons 'undergoing a life sentence' presented a problem of statutory construction. On that point the court held (at pages 456, 457 of 3 Cal. 2d at page 341 of 45 P. 2d.): 'The authorities of this and many sister states which have an indeterminate sentence law similar to ours hold that a statute which prescribes a minimum sentence of not less than five years and with no maximum is in law a life sentence until and unless a court or executive board charged with the duty of fixing prison terms remits a portion of the life term. This question was definitely settled by *In re Lee,* 177 Cal. 690, 171 P. 958, in 1918 and has been pronounced law of the state since.' That is still the law but, as previously suggested, it does not preclude our recognizing the reality that an indeterminate sentence, under the circumstances shown here, may eventually become a sentence for years. And because such sentences may become sentences for years rather than for life our present penal system contemplates that trial courts shall have, and vests in them, power to direct whether multiple sentences shall run concurrently or consecutively."

The latest of the cases from the California court cited to us or found by us is *Ex parte Pedrini* (1949), 33 Cal. 2d 876, 206 P. 2d 699, 704. There the Supreme Court of California said:

"The practical considerations expressed in *People* v. *Hayes,* supra, impel to the conclusion that, in the absence of a statute to the contrary, a sentence which in a technical sense is expressly for life—but which does not necessarily mean actual imprisonment for life—can run consecutively to lesser sentences. We recognize that in *People* v. *McNabb* (1935), 3 Cal. 2d. 441, 457, 45 P. 2d 334, and in *People* v. *Jones* (1936) supra, 6 Cal. 2d 554, 557, 59 P. 2d 89, are statements to the effect that a 'life sentence' cannot be made consecutive to other sentences 'because a prisoner cannot in fact serve a term longer than his natural life.' These statements—whether they be regarded as referring to life sentences *with,* or to life sentences *without,* possibility of parole—were unnecessary to the decision of those cases and are, therefore, not controlling here. *The effect of the view so suggested in the McNabb and Jones cases, which view petitioner urges us to declare as law of the state, retroactively applicable to his sentences, would be (and the effect of Section 669 since its 1941 amendment is) that once a defend-*

ant is sentenced to life imprisonment he is immune from punishment for a further crime unless that crime is one for which sentence of death is imposed. To illustrate: A defendant sentenced to life imprisonment for murder of the first degree and paroled after the expiration of seven years may commit as many robberies, burglaries, and rapes as he has opportunity to commit; his parole, granted by the Adult Authority as an act of grace, can be revoked by that agency, but nothing can be done by the courts by way of punishing him his depradations committed while he was on parole because sentences therefor merge in the previous life sentence. Such a result, in our opinion, should be permitted to occur only where the law as enacted is so clear and specific in its terms as to admit of no other interpretation." (Emphasis added.)

Similar reasoning is applicable in this case to establish that petitioner was not serving two sentences, each of which compelled him to be incarcerated for the remainder of his natural life. The Constitution and statutes of this state provide that the board of pardons may

"commute punishments and grant pardons after convictions, in all cases except treason and impeachments."

Section 67—0—1, U. C. A. 1943, and Const. art. VII, Sec. 12. Under the authority of those enactments the board of pardons was given authority to make certain that which was uncertain and to lessen the period of confinement on life sentences. A realistic approach to the problem suggests that neither a sentence for life nor a sentence of from five years to life means that a defendant will serve his natural life in prison. There would have been no occasion to permit the termination or commutation of sentences if the legislature intended that the terms could not be made less. For all practical purposes, a sentence for life must be considered in connection with the powers of the board of pardons to commute the sentence to a fixed and shorter period. With this as a background, the legislature, when it considered the statutes dealing with consecutive sentences, amended one section as late as 1917 and never excepted life sentences from its provisions must have intended to permit the courts the right to sentence a defendant to serve a period consecutive to the time his life sentence might be

terminated. Certainly, the board of pardons has so interpreted the legislative intent for many years. In this particular instance there was a termination of the robbery charge and then several years later a commutation of the life sentence. If the former had merged in the latter then there would have been no necessity to deal with the robbery sentence.

Because a life sentence in practice later becomes a sentence for years (to be determined by the board of pardons) and because the laws and Consitution of this state authorized such a procedure, we are of the opinion the legislature did not intend to isolate life sentences from the provisions of Section 103—1—32, U. C. A. 1943. ■ To hold otherwise might grant a preferment to one convicted of first degree murder and sentenced to life imprisonment. He would be insulated from subsequent sentences even though released from confinement, while one convicted of lesser offenses would be subject to their imposition.

Accordingly, we hold that the section applies in this instance, even though one sentence was for life, and that the petitioner must serve until September 22, 1959, unless sooner released by the board of pardons.

The judgment is reversed.

PRATT, C. J., and WADE, WOLFE and McDONOUGH, JJ., concur.