The PRIDE CLUB, a non-profit corporation, Plaintiff and Appellant,

v.

Clyde L. MILLER, Secretary of State of the State of Utah, Defendant and Respondent.

No. 15057.

Supreme Court of Utah.

Nov. 28, 1977.

Wendell P. Ables, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Pride Club, a non-profit incorporated social club located in Salt Lake City, brought this action in the district court to review the action of the defendant Secretary of State in revoking its charter. Upon the basis of the pleadings and submissions, the district court denied the plaintiff's motion for judgment and granted the motion of the defendant. Plaintiff appeals.

On November 21, 1972, following a hearing, the Utah Liquor Control Commission revoked the plaintiff's liquor license based on violations of the state liquor laws and the regulations of the Commission. The plaintiff petitioned the district court to enjoin the enforcement of the Commission's

order. Consequent to appropriate proceedings, the district court affirmed the action of the Commission and denied that relief. That case was appealed to this Court, which affirmed that decision on April 26, 1973.[1]

Thereafter, the Attorney General's office sought to forfeit the bond that had been posted by the plaintiff with the Commission.[2] However, the bond provided that:

   . . . if the said Pride Club, its officers and employees shall faithfully comply with the laws of the State of Utah in the conduct of said Pride Club's affairs and activities then this bond shall be void, *but if the charter* of the said Pride Club *is finally revoked* pursuant to the terms of this chapter (referring to U.C.A.1953, 16–6–13.1), then this bond shall be in force and payable . . .

When the surety on the bond refused to forfeit the bond because the plaintiff's charter had not yet been revoked, the Attorney General's office initiated proceedings to revoke the plaintiff's charter on the ground that it had violated state liquor laws.

Notice of a hearing before the Secretary of State was duly served upon the plaintiff, and, on December 13, 1973, plaintiff was represented by counsel at the hearing. Therein, the plaintiff objected to the proceedings and urged, as it persists in urging here, that it was entitled to what would in effect be a trial de novo on the violations of law upon which the Commission had acted in revoking its license.

The plaintiff's objections were overruled. Evidence was introduced to show that the plaintiff had violated the state liquor laws. This included the findings and order of the Commission revoking its liquor license and the court proceedings affirming that action. Upon the basis thereof the Secretary of State revoked the plaintiff's charter on September 13, 1974.

Plaintiff argues that the defendant Secretary of State had no authority to revoke its charter because the statutes so providing had been superseded by statutes empowering the Liquor Control Commission to suspend or cancel liquor licenses.

The authority of the Secretary of State is provided in U.C.A.1953, 16–6–13 which states that:

   The secretary of state shall require proof from any social club . . . incorporating under the provisions of this chapter, that such club . . . is a bona fide club . . . not for pecuniary profit; . . . and that it will not be used for permitting gambling or any other violation of law or ordinance.

Furthermore, the Secretary is empowered to:

   . . . hold a hearing, after notice, for purposes of determining whether a club . . . is operating in accordance with the law. . . . *If it is shown* after a hearing *that any such club . . . was used . . . in violation of any law* or ordinance including, but not limited to, violations of the Liquor Control Act, . . . *the secretary of state shall revoke the charter* of such corporation. [All Emphasis added.]

It will be noted that the above statute confers general powers upon the Secretary of State with respect to all social clubs and that the revocation of the charter of such a club may be predicated upon the violation of any law, including provisions of the Liquor Control Act.

The plaintiff's contention is that the Liquor Control Act of 1969, Chapter 83, Section 1, S.L.U.1969,[3] which was enacted after the above-quoted statute and which authorized the Liquor Commission to suspend or revoke the liquor license of anyone (including any such a club) for violations of the Liquor Control Act[4] has impliedly repealed 16–6–13 under which the Secretary of State can revoke a social club's charter for identical violations.

---

**1.** *Pride Club v. Hulbert,* 29 Utah 2d 351, 509 P.2d 819 (1973).

**2.** As required by U.C.A.1953, 16–6–13.1.

**3.** Found in our code as U.C.A.1953, Sections 32–1–1 to 32–1–48.

**4.** Pursuant to U.C.A.1953, 32–1–32.4(a).

In analyzing plaintiff's argument there are some observations to be had in mind relating to statutory construction. Though it is true, as plaintiff asserts, that subsequently enacted statutes generally supersede prior existing ones on the same subject, statutes are not repealed by implication. Even when they seem to overlap in some areas, they should be so construed to give effect to both if possible; and the later statute neither supersedes nor repeals the prior one unless its terms are irreconcilable with the former statute.[5]

The Secretary of State is authorized by Section 16–6–13 quoted above to issue corporate charters for such social clubs; and is given supervisory responsibility to revoke such charters for law violations; and the Liquor Control Commission has similar authority and responsibility on a different subject: the issuing and revocation of liquor licenses. But the Secretary of State does not revoke liquor licenses, nor does the Liquor Commission revoke corporate charters. It is thus to be seen that there is no irreconcilable conflict between the two statutes referred to. Consequently there is no reason to believe that by enacting the provisions of the Liquor Control Act relating to the suspension and revocation of liquor license the Legislature intended to deprive the Secretary of State of his authority to revoke charters of such corporations.

Plaintiff also complains that there was lack of due process of law in the hearing before defendant Secretary of State, asserting that the notice of the hearing did not contain specific charges of law violation; and that the evidence which was presented provided no proper basis for revoking its charter. The notice was sufficient: it recited that its purpose was to determine whether plaintiff's charter should be revoked due to its "violation of the Liquor Control Act." If there had been no previous determination under proper proceedings as to the defendant club's violation of the law, there may have been some merit to its demand for specific allegations of instances of law violation and an opportunity to meet them. But we reject plaintiff's argument that it was entitled to be again informed of an opportunity to meet the specific violations of the law upon which it had already had a hearing and determination. The evidence presented included duly authenticated findings of fact relating thereto, the order of the Commission which had revoked its liquor license, the court adjudications thereon including the affirmance by this Court. The plaintiff had full opportunity to cross-examine; and also to present any evidence it desired as to why its charter should not be revoked.

Plaintiff's final point: that its charter should not be revoked because the only motivation for doing so is to provide a foundation for collecting on the bond above referred to deserves but brief comment. We see nothing in this procedure other than the proper and well advised performance of his duty by the Attorney General.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

5. *McCoy v. Severson*, 118 Utah 502, 222 P.2d 1058 (1950).