BOWEN, Presiding Judge,
concurring specially.
The appellant’s statement was admissible because it was an admission tending to show his state of mind: that he had killed once and would kill again if need be. In Nicks v. State, 521 So.2d 1018 (Ala.Cr.App.1987), affirmed, 521 So.2d 1035 (Ala.), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988), the State’s evidence established that as the accused was robbing the proprietor of a Bessemer jewelry store, he said, “[0]ld man, I’m going to kill you, get down,” and “[I]f [you don’t] lay down [I am] going to kill you like [I] did that man up the street [at a nearby Bessemer pawn shop].” Nicks v. State, 521 So.2d at 1022. This Court observed:
“[t]he acts, declarations, and conduct of the accused, against interest, are always competent evidence_ Any conduct or declaration of an accused having a relation to the offense charged, indicating a consciousness of guilt, is admissible as evidence against him....
“In Dockery v. State, [269 Ala. 564, 114 So.2d 394 (1959) ], the Alabama Supreme Court addressed an issue very similar to the one before us. In Dockery, the trial court allowed the admission of testimony in the defendant’s murder trial to the effect that the defendant, during an apparent holdup or assault which was committed shortly after the murder, stated the following to the victim: ‘Don’t move, you son-of-a-bitch. I will kill you like I did the man in Alabama.’ _The supreme court held that the statement was admissible under the rule that the accused’s acts, declarations, and conduct against interest are competent.... The court held, ‘Evidence which is relevant to establish some element of the offense, or material to some issue in the case, is not rendered inadmissible by the fact that it also tends to show another offense committed by defendant.’ _
“In another similar case, People v. Glab, 15 Cal.App.2d 120, 59 P.2d 195 (1936), a prosecution of a wife for the murder of her husband, testimony as to the wife’s participation in a brawl subsequent to the killing wherein she drew a gun and threatened to kill, stating that she had already killed one man, was held admissible as an admission to the previous killing and proved possession of a gun, notwithstanding the tendency of the testimony to prejudice the wife in the minds of the jurors. The court held, ‘The fact that incidentally such testimony may have involved facts as to the commission of another crime, or may have had a tendency to prejudice the accused in the minds of jurors, is no valid objection to its admission where, as here, the testimony was proper as tending to connect the accused with the crime charged.’ ”
Nicks v. State, 521 So.2d at 1028-29.