Filed 10/31/22

# CERTIFIED FOR PARTIAL PUBLICATION†

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERNEST MACHADO,<br><br>    Defendant and Appellant. | B311023<br><br>(Los Angeles County<br>Super. Ct. No. A561089) |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge. Affirmed.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda Lopez and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

† Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication except for part C of the Discussion.

When a defendant, under Penal Code[1] section 1172.6 files a petition for resentencing on a conviction of murder, and the prosecution agrees that the defendant is entitled to relief, "[t]he parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have the murder . . . conviction vacated and to be resentenced."  (§ 1172.6, subd. (d)(2).)  The central question in this case is whether the trial court is bound by the parties' stipulation, or whether it must review the record to determine whether the defendant is indeed entitled to resentencing.

In this case, the trial court denied defendant and appellant Ernest Machado's petition despite the parties' stipulation to waive the resentencing hearing.  Machado contends that in doing so, the court misinterpreted the statute and violated the doctrine of separation of powers.  We disagree and affirm.

It is a core judicial function to "declare the law as it is, and not as either appellant or respondent may assume it to be." (*Bradley v. Clarke* (1901) 133 Cal. 196, 210.)  Although the court must consider the parties' stipulation, as with any other stipulation, the court must make its own determination of whether the matter to which the parties have stipulated is consistent with the law.  That is especially true in criminal cases, where the public interest is at stake.  We also reject Machado's contention that the trial court erred by considering the facts as described in the opinion in his original appeal because even assuming any such error, Machado has failed to demonstrate prejudice.

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

## FACTS AND PROCEEDINGS BELOW

### A.    *1981 Murder and Trial*[2]

During the afternoon of February 9, 1981, John Costantino left his house to walk his dog.  He returned 15 to 20 minutes later.  As he entered the house, which he shared with his roommate James Galvan, Costantino was grabbed, thrown to the floor, and hit on the back of his head with the butt of a gun.  His head was covered by a serape, and his hands and feet were tied.  During the assault, Costantino heard two voices.  One voice demanded "la coca," meaning cocaine.  One demanded money from Costantino and took his wallet, containing $37, from his pocket.  Costantino lost consciousness when one of the assailants stepped on his head.  On regaining consciousness, Costantino saw the entire house was "torn up" and he found Galvan lying, face-down, on the floor.  Galvan had suffered a gunshot wound to his back.  He died from the wound.

Based on investigation, in June of 1981, Machado and a companion, Alfred Rodriguez, were charged with the murder of Galvan (§ 187), as well as two counts of robbery (§ 211), one count of burglary (§ 459), one count of assault with force likely to cause great bodily injury (§ 245, subd. (a)), and one count of attempted robbery (§§ 211, 664).  The murder charges included a special-circumstance felony-murder allegation (§ 190.2, subd. (a)(17)), as

_____

[2] We agree with both parties that the facts of the murder are not necessary for the determination of the issues in this appeal.  We present this statement of facts, which we have adopted from the presentation in respondent's brief, only to present background context.

well as an allegation that Machado personally used a firearm (§ 12022.5).

As part of a plea agreement and at the People's request, on April 27, 1982, the firearm use allegation under section 12022.5 was removed and replaced with an allegation that a principal was armed with a firearm in the commission of the offense (§ 12022, subd. (a)). In exchange, Machado stipulated the murder allegation be submitted to the court for a bench trial based on the transcript of the preliminary hearing, "within guidelines stipulated to by counsel." The court found Machado guilty of first degree murder and found the principal armed allegation true. The trial court dismissed the remaining charges, including the felony-murder special-circumstance allegation, on the People's motion in the interests of justice. Machado was sentenced to one year in prison for the armed offense and 25 years to life for murder.

This court affirmed Machado's conviction and sentence. (*People v. Machado* (Dec. 14, 1983, 43164) [nonpub. opn.].)

**B.      *Resentencing Proceedings***

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which abolished the natural and probable consequences doctrine in cases of murder and limited the application of the felony-murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) Under the new law, to be convicted of felony murder, a defendant must have been the actual killer (§ 189, subd. (e)(1)); or acted with the intent to kill in aiding, abetting, or soliciting the murder (*id*., subd. (e)(2)); or have been "a major participant in the underlying felony and acted with reckless indifference to human life" (*id*., subd. (e)(3)). The legislation also enacted section 1170.95, subsequently

4

renumbered section 1172.6, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted. (Stats. 2018, ch. 1015, § 4, pp. 6675-6677.)[3]

Machado filed a petition for resentencing under section 1170.95 on December 27, 2018. The People filed an opposition, in which they alleged Machado was not entitled to relief because there was evidence showing he was the actual killer, and he was a major participant in the underlying felony, and further, that he acted with reckless indifference to human life. In support of their position, the People submitted the transcript of Machado's preliminary hearing. On December 2, 2020, following additional briefing, the court concluded Machado had set forth a prima facie case for relief and issued an order to show cause.

On December 7, 2020, the Los Angeles County District Attorney issued a special directive establishing a new policy for its attorneys in handling resentencing petitions. According to this document, in all cases where a defendant was charged with a felony-murder special circumstance, but the defendant was not the actual killer and the special-circumstance allegation was dropped as part of plea negotiations, "this [o]ffice will not attempt to prove the individual is ineligible for resentencing. This [o]ffice will stipulate to eligibility per [former] section 1170.95[, subdivision] (d)(2)." (Los Angeles County District Attorney

---

[3] In 2021, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551), which clarified and amended certain aspects of Senate Bill No. 1437.

5

Special Directive 20-14 (2020) p. 5, ¶ 7.)[4]  Three days later, the People informed the court that in light of the new sentencing directives, they would not be contesting Machado's eligibility for resentencing, and stipulated to his eligibility.

After hearing argument by counsel, the court declined to grant Machado's petition for resentencing on the basis of the stipulation alone.  Instead, the court stated that it "has a duty to review whether the court accepts the stipulation or not.  . . . [A]nd I take no position on what the [district attorney]'s policy is.  That's up to the [district attorney].  But, ultimately, it's a ruling by the court.  And since we have a record of conviction, I think it's incumbent upon the court to consider it and consider the case law and then make a determination."

At a hearing on January 19, 2021, the People reiterated they were not participating in the hearing and would offer no evidence or argument intended to meet their burden of proof.  Machado contended that the stipulation required the court to resentence him.  The court disagreed and concluded that the text of the statute, as well as the legislative history, mandate that the court consider the record of conviction before deciding whether to accept a stipulation.

The court stated that the People were free not to introduce new evidence and to stipulate to a defendant's eligibility, but "I don't think that [the] People have the power to say to the court 'you may not consider the record of conviction.' "  The court asked

---

[4] The document is posted on the district attorney's web site, at https://da.lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-14.pdf> [as of Oct. 27, 2022].  We take judicial notice of this document.

Machado's attorney if he intended to introduce any new evidence in support of his petition. Machado declined to do so and asked the court not to consider statements in the record of conviction that were based on hearsay statements from his codefendant. The court granted Machado's motion. It took judicial notice of the record of conviction, including the transcript of the preliminary hearing,[5] the Court of Appeal opinion, the minutes of the plea and sentencing hearings, and the abstract of judgment.

The court concluded Machado was ineligible for resentencing "because he could be found guilty beyond a reasonable doubt of first degree murder under amended section 189 as a major participant who acted with reckless indifference to human life in the commission of the felony murder." In reaching this conclusion, the court relied on evidence from the record of conviction showing that Machado helped plan the robbery of a known drug dealer, that he insisted on having a loaded gun, and that he was present at the scene of the shooting but did nothing to intervene.

This timely appeal is from the court's denial of the resentencing petition.

---

[5] Under section 1172.6, subdivision (d)(3), the admission of evidence from preliminary hearings is limited. In this case, however, the parties submitted the transcripts of the preliminary hearing to the court as the evidence on which the court determined Machado's guilt in a bench trial. We assume that the transcripts were admissible in the resentencing proceedings because the parties tried the case to the bench based on these transcripts, and Machado does not argue otherwise.

## DISCUSSION

**A.** *The Stipulation Did Not Bind the Trial Court to Vacating Machado's Conviction*

Machado contends that the plain language of section 1172.6, subdivision (d)(2) requires the trial court to accede to the parties' stipulation and resentence him. We disagree. The court must accept the parties' stipulation under section 1172.6, subdivision (d)(2), only in the sense that the court must consider the stipulation when determining whether the defendant is eligible for resentencing, but a stipulation does not bind the court to resentence the defendant if the evidence does not support such eligibility.

If a defendant makes a prima facie case that he is eligible for resentencing under section 1172.6, the court must "hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).) Section 1172.6, subdivision (d)(2) provides a way "to streamline the process." (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 932.) That subdivision provides as follows: "The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have the murder, attempted murder, or manslaughter conviction vacated and to be resentenced. If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (§ 1172.6, subd. (d)(2)).

Prior cases have addressed the second sentence of section 1172.6, subdivision (d)(2) and have held that when a jury (*People v. Clayton* (2021) 66 Cal.App.5th 145, 155-157) or trial court (*People v. Harrison* (2021) 73 Cal.App.5th 429, 440-441) has acquitted a defendant of a felony-murder special-circumstance finding under section 190.2, subdivision (a)(17), this constitutes "a prior finding . . . that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony" (§ 1172.6, subd. (d)(2)), and that in these cases, section 1172.6, subdivision (d)(2) requires granting the defendant's petition for resentencing. We are aware of no case interpreting the first sentence of subdivision (d)(2), however. It is therefore a matter of first impression whether a stipulation by the parties also requires the trial court to grant the defendant's petition.

Contrary to Machado's claim, the plain language of section 1172.6, subdivision (d)(2) does not dictate that the court must vacate the defendant's sentence in all cases where the parties so stipulate. As we have noted above, subdivision (d)(2) addresses two distinct situations. The second sentence states that "[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (§ 1172.6, subd. (d)(2)). Because the statute states that when the condition is met, the court "shall vacate" the conviction, cases that have considered the question have held unanimously that a prior finding of no reckless indifference to human life or major participation indeed requires the court to vacate the defendant's conviction. (See *People v. Harrison*, *supra*, 73 Cal.App.5th at

9

pp. 440-441; *People v. Clayton*, *supra*, 66 Cal.App.5th at pp. 155-157; *People v. Ramirez*, *supra*, 41 Cal.App.5th at p. 932.)

The first sentence of section 1172.6, subdivision (d)(2), however, contains no such mandatory language, providing merely that "[t]he parties may waive a resentencing hearing and stipulate that the [defendant] is eligible . . . to be resentenced." Nothing in the text of the statute requires the court to accede to the parties' request. In the absence of specific language to the contrary, we infer that the Legislature intended courts to treat a stipulation under the first sentence in section 1172.6, subdivision (d)(2) in the same way they treat any other stipulation. (See *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 ["The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context"].)

In every other situation of which we are aware, courts are not bound by the parties' stipulations but must subject them to some form of review. In civil cases, entry of a stipulated judgment "is a judicial act that a court has discretion to perform. Although a court may not add to or make a new stipulation without mutual consent of the parties [citation], it may reject a stipulation that is contrary to public policy [citation], or one that incorporates an erroneous rule of law [citation]. 'While it is entirely proper for the court to accept stipulations of counsel that appear to have been made advisedly, and after due consideration of the facts, the court cannot surrender its duty to see that the judgment to be entered is a just one, nor is the court to act as a mere puppet in the matter.' [Citation.]" (*California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658, 664.) The equivalent in a criminal case is a plea bargain, and

"the trial court may decide not to approve the terms of a plea agreement negotiated by the parties" on the ground that it "does not believe the agreed-upon disposition is fair." (*People v. Segura* (2008) 44 Cal.4th 921, 931.) If a district attorney enters a stipulation contrary to law, the stipulation is "not binding on the court." (*People v. Jones* (1936) 6 Cal.2d 554, 555.) We must presume that the Legislature was aware of this case law and intended a stipulation under the first sentence of section 1172.6, subdivision (d)(2) to be subject to review by the court, like any other stipulation.

Machado contends that the Legislature, in enacting section 1172.6, intended for the final eligibility hearing to be an adversarial proceeding at which the prosecutor must "prove a defendant's guilt beyond a reasonable doubt." If the prosecution stipulates to the defendant's eligibility for resentencing and declines to offer evidence that the defendant remains guilty of murder under the amended law, then according to Machado, there is no basis on which the trial court can say that the prosecution carried its burden of proof.

But this interpretation fails to take into account the overall structure of the statute. In order to reach a final eligibility hearing, the defendant must make only "a prima facie case showing that [he] is entitled to relief." (§ 1172.6, subd. (c).) As our Supreme Court has noted, this is a " 'very low' " bar. (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) It requires showing only that the defendant is not ineligible as a matter of law, with no regard for what the facts of the case suggest actually occurred. (See *ibid.*) In one case, *People v. Offley* (2020) 48 Cal.App.5th 588, this court held that a defendant made a prima facie case for relief even though the evidence suggested strongly that the

11

defendant was guilty of murder under a still valid theory—the defendant personally fired a gun at the vehicle in which the victim was traveling. Nevertheless, because it was logically possible that the jury convicted the defendant under a theory outlawed by Senate Bill No. 1437, we held that he made a prima facie case for relief. (*Id*. at p. 599.)

The Legislature did not intend to allow defendants to obtain relief upon the minimal showing of a prima facie case. It provided a safeguard in the form of the final eligibility hearing under section 1172.6, subdivision (d), allowing the court to evaluate the evidence and determine whether a defendant is indeed culpable of murder, attempted murder, or voluntary manslaughter under current law. If the court were required to grant resentencing in all cases where the parties stipulate, this safeguard would not exist. The purpose of Senate Bill No. 1437 was "to more equitably sentence offenders in accordance with their involvement in homicides," and to reduce "lengthy sentences that are not commensurate with the culpability of the individual." (Stats. 2018, ch. 1015, § 1, subds. (b), (e).) By allowing the court to review the parties' stipulations, our interpretation of section 1172.6, subdivision (d)(2) helps ensure that relief goes only to those who are entitled to it.

The district attorney's discretionary decision regarding whether to stipulate to a defendant's eligibility is no substitute for the court's determination of the issue, as this case shows. The district attorney's special directive instructs prosecutors in Los Angeles County to stipulate to resentencing in cases where the defendant was not the actual killer, and where the prosecution agreed to drop a felony-murder special-circumstance allegation as a part of plea negotiations. (See Los Angeles County District

12

Attorney Special Directive 20-14, *supra*, p. 5, ¶ 7.) Nothing in the text of the first sentence in section 1172.6 indicates that defendants are eligible for resentencing in all cases in which the prosecutor made such a concession in plea negotiations.

Machado argues that our interpretation of the statute is incorrect on the ground that we may not adopt a "judicial construction that renders part of the statute 'meaningless or inoperative' " (*Hassan v. Mercy American River Hospital*, *supra*, 31 Cal.4th at pp. 715-716). But we do not agree that our interpretation of the first sentence of subdivision (d)(2) of section 1172.6 has this effect. Although the prosecution's stipulation does not require the court to grant the defendant's petition, it does require the court take the stipulation into account as a significant point in favor of granting the defendant's petition. The court is not bound by the stipulation, but it may not ignore it either.[6] In addition, the stipulation benefits the defendant by ensuring that the prosecution will not offer new evidence or argue against granting his petition. That is all the stipulation achieves. The trial court still has a duty to examine the evidence already in the record, namely the record of the defendant's conviction, along with any evidence the defendant chooses to introduce on his own behalf, so that the court can determine whether that evidence "prove[s], beyond a reasonable doubt, that [he] is guilty of murder or attempted murder under California law as amended by"

---

[6] We interpret the trial court's statement that "I don't have to accept your stipulation" as consistent with this requirement. The court meant only that it was not required to grant Machado relief, not that it intended to disregard the stipulation.

Senate Bill No. 1437.  (§ 1172.6, subd. (d)(3).)  That is what the court did in this case.

**B.**    *The Trial Court Did Not Violate the Doctrine of Separation of Powers*

The California Constitution establishes separate executive, legislative, and judicial branches, and "vest[s] each branch with certain 'core' [citation] or 'essential' [citation] functions that may not be usurped by another branch." (*People v. Bunn* (2002) 27 Cal.4th 1, 14; see Cal. Const., art. III, § 3.)  "It is well settled that the prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring." (*People v. Birks* (1998) 19 Cal.4th 108, 134.)  Machado contends that the trial court violated this doctrine by essentially acting as prosecutor in this case, instituting and directing criminal charges against him. In doing so, he argues that the court committed judicial misconduct.

We are not persuaded.  The court did not institute charges, examine witnesses, or conduct an investigation into the facts. Instead, the court exercised the judicial function of examining the evidence already in the record to determine whether the law entitled Machado to the relief he sought.  Indeed, Machado's proposed interpretation of the law would risk violating the doctrine of separation of powers:  A district attorney may, of course, set policies and decide as a matter of prosecutorial discretion which defendants to charge with which offenses,

14

consistent with statutory and constitutional requirements.[7]  But the determination of a sentence is a core judicial function. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 554.)  As our Supreme Court has explained, "once the decision to prosecute has been made, the disposition of the matter is fundamentally judicial in nature."  (*Ibid.*)  If Machado's interpretation were correct, the prosecution and the defendant could jointly agree to the correct interpretation of the law in the defendant's case, reducing the court to a mere rubber stamp.  We are aware of no law that would render courts irrelevant in the exercise of one of their core functions, and we will avoid any interpretation of section 1172.6 that would do so.

C.    ***Any Error in the Trial Court's Reliance on Facts from the Prior Appellate Opinion Was Harmless***

In the alternative, Machado contends that the trial court erred by relying on facts derived from this court's prior opinion in his case as a basis for denying his petition for resentencing him.

At the time the trial court denied Machado's petition, the former section 1170.95, subdivision (d)(3) provided that "[t]he prosecutor and the petitioner may rely on the record of conviction" at the hearing to determine the defendant's eligibility, and courts had held that it was proper to consider prior appellate opinions as part of the record of conviction.  (See, e.g., *People v.*

---

[7] In some circumstances, the law limits prosecutorial discretion.  For example, if a defendant is charged with a felony, section 667, subdivision (f)(1) requires the prosecutor to plead prior strike convictions.  (See *People v. Laanui* (2021) 59 Cal.App.5th 803, 815.)  We note that the legality or merits of the district attorney's special directive are not before this court and we thus do not address these issues.

15

*Lewis* (2021) 11 Cal.5th 952, 972.)  Subsequently, however, the Legislature enacted Senate Bill No. 775, which amended the statute to provide that ordinary rules of evidence regarding hearsay apply to the admission of evidence at eligibility hearings, and that "[t]he court may also consider *the procedural history of the case* recited in any prior appellate opinion."  (Stats. 2021, ch. 551, § 2, amending § 1170.95, subd. (d)(3), italics added.)  Machado contends that the facts recited in an appellate opinion are ordinarily inadmissible as hearsay (see *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 884-885), and that the court erred by considering the fact section of the opinion in his original appeal as part of its review of the record of his conviction.

We need not decide this question because, even if we assume the trial court erred by taking into account the facts as described in the prior appellate opinion in his case, Machado has failed to show that he suffered any prejudice.  Because a defendant is entitled to resentencing proceedings under section 1172.6 only under statute, not the Constitution, we review for error pursuant to the standard established in *People v. Watson* (1956) 46 Cal.2d 818.  (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 973.)  Under this standard, the defendant must " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Id.* at p. 974.)  Machado has not met this standard.  He has not shown any way in which the facts summarized in this court's original opinion differ from those in the preliminary hearing, such that he might have obtained a more favorable result if the court had not considered the prior opinion.

**DISPOSITION**

The trial court's order denying the petition for resentencing is affirmed.

CERTIFIED FOR PARTIAL PUBLICATION


BENKE, J.*


We concur:



ROTHSCHILD, P. J.



BENDIX, J.

---

*Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17